IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC. Plaintiff | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§ | |
| CEASER FLORES, Correctly known as Cesar Flores, AND ALVIN E. KING Defendants | §<br>§<br>§<br>§ | |
| AND | §<br>§ | C.A. NO.  2:09-CV-00312 |
| MARIA M. TREVINO Intervenor | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | |
| CLAYTON HOMES, INC.;<br>CMH HOMES, INC.;<br>VANDERBILT MORTGAGE AND<br>FINANCE, INC.; KEVIN T. CLAYTON;<br>JOHN WELLS; AND<br>BENJAMIN JOSEPH FRAZIER | §<br>§<br>§<br>§<br>§<br>§ | |

**SUBJECT TO INTERVENOR'S, MARIA M. TREVINO, MOTION TO REMAND INTERVENOR'S REPLY TO KEVIN T. CLAYTON'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Intervenor, Maria M. Trevino, subject to her Motion to Remand and without waiving the same, files this her Reply to the Motion to Dismiss for lack of Personal Jurisdiction of Kevin T. Clayton and would respectfully show unto the Court as follows:

# I.
# BACKGROUND

1.01    On August 4, 2009, Plaintiff, Vanderbilt Mortgage and Finance, Inc. (hereinafter referred to as "VMF") filed suit against Defendants, Ceaser Flores and Alvin E. King in State District Court, Jim Wells County, to repossess and foreclose on a manufactured home that they had purchased.  As part of that transaction to purchase the home, VMF filed or caused to be filed, along with Clayton Homes, Inc., CMH Homes, Inc., Benjamin Frazier, and John Wells, a Deed of Trust and Builder's and Mechanic's Lien contract covering land owned by Intervenor.  Both the Deed of Trust and Builder's and Mechanic's Lien Contract specifically and expressly name Kevin T. Clayton as the Trustee over the transaction.  More importantly, as set out below, it was Kevin Clayton, VMF and Clayton Homes, NOT the Intervenor that chose, picked and selected Kevin T. Clayton to be THE Trustee in the very documents that are the subject of this litigation. By naming himself as Trustee, Mr. Clayton clearly purposefully availed himself of both the benefits and protections of the laws of Texas.

# II.
# KEVIN CLAYTON'S FRCP 12(b)(2) SHOULD BE DENIED

2.01    On November 25, 2009, Kevin T. Clayton filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FRCP 12(b)(2).  The Court should deny Clayton's FRCP 12(b)(2) Motion to Dismiss for the following reasons: (1) the Texas state court has specific jurisdiction over Defendant; (2) the Texas state court has general jurisdiction over Defendant; and (3) Defendant has waived any right to object to personal jurisdiction in Texas Courts.

## III.
## ARGUMENT AND AUTHORITIES

3.01    In his Motion to Dismiss, Clayton contends that this court's exercise of jurisdiction over him will violate due process because he does not have minimum contacts with the forum state and maintaining the suit in Texas will offend traditional notions of fair play and substantial justice.  The facts and evidence clearly establish that Mr. Clayton has purposefully availed himself of the benefits and protection of the state's laws by establishing minimum contacts with the state of Texas.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

**A.        Texas Courts have specific jurisdiction**

3.02    This Court should deny Defendant's FRCP 12(b)(2) Motion to Dismiss because Plaintiff's, (VMF) State Court Petition, Defendants' State Court Counter-claim, and Intervenor's State Court suit all arose from and was related to Mr. Clayton's contacts with the state of Texas.  As such, Texas courts have specific jurisdiction over Defendant. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984); *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

3.03    Specifically, Plaintiff's (VMF) State Court foreclosure suit involves a Deed of Trust and Builder's and Mechanic's Lien Contract, both of which name Kevin T. Clayton as the Trustee.  (See Deed of Trust attached hereto as Exhibit "A" and Builder's and Mechanic's Lien attached hereto as Exhibit "B").  According to the terms of these documents naming Kevin Clayton as Trustee, the conveyance of the land was made to secure the "Retail Installment Contract" that is the subject of Plaintiff's state Court suit. Defendants' Counter-claim against VMF, specifically relates to the same Deed of Trust

and Builder's and Mechanic's Lien Contract that names Kevin T. Clayton as Trustee. Intervenor's Intervention specifically arises out of the forgery of the same Deed of Trust that was filed in Jim Wells County, Texas, and named Kevin T. Clayton as the Trustee.

3.04    The document itself set out the duties and obligations that Kevin T. Clayton has with respect to the Deed of Trust made the basis of this case.  In fact, Kevin Clayton has testified that "my understanding is the Trustee's responsibilities are to make sure that, in the event there is a foreclosure and the land is sold, that it is sold at a fair process and price."  (See deposition of Kevin Clayton taken on January 6, 2005, attached hereto as Exhibit "C" at page 173, line 25, through page 174, line 3).  These duties and obligations have been alleged to have been breached by his actions and the actions of his co-conspirators.   According to the express terms of the Deed of Trust that Plaintiff, Defendants, and Intervenor are suing over, it sets out that:

- Kevin Clayton purportedly paid $10.00 to Intervenor;

- Intervenor purportedly granted, sold, and conveyed her real property to Kevin Clayton;

- Intervenor purportedly assigned to Kevin Clayton the duty and responsibility to forever defend the property from claims of all persons claiming interest in the property; and

- the duty of Kevin Clayton to enforce the Deed of Trust;

More Importantly, the Clayton Home Defendants, not Intervenor voluntarily chose to name Kevin Clayton as the Trustee.  (See Exhibit "C" at page 158, line 19 through page 160, line 4).

3.05    Further, under Texas law, a trustee named in a Deed of Trust has a duty to act with "absolute impartiality and fairness" to all concerned.  *Hammonds v. Holmes,* 559

S.W.2d 345, 347 (Tex.1977); *First State Bank v. Keilman*, 851 S.W.2d 914, 925 (Tex.App.— Austin 1993, writ denied).   Clearly, the allegations involved in Plaintiff's suit, Defendants' Counter-claim and Intervenor's Intervention, when accepted as true, relate to Kevin Clayton's specific contacts with Texas.

3.06   Additionally, on October 8, 2005, the Clayton Homes Defendants and Plaintiff, VMF, filed or caused to be filed a Release of Deed of Trust and a Release of Builder's and Mechanic's Lien Contract.  (See Deed of Trust Release attached hereto as Exhibit "D" and Mechanic's Lien Release attached hereto as Exhibit "E").   In the Mechanic's Lien Release executed by David R. Jordan, Asst. Secretary for CMH Homes, Inc.,  CMH Homes, Inc. "acting under the authority of its board of directors," CMH Homes, Inc., declared that it was the "true and lawful owner and holder of that certain note" that is the basis of the Plaintiff's (VMF) suit, Defendants' Counter-claim and Intervenor's Intervention and that "for a valuable consideration in hand paid…does hereby release the lien of said Mechanic's Lien Contract and has been **Paid in Full**." [emphasis added]. As the Trustee, and as the President and CEO of Clayton Homes, Inc., and as the President of VMF, Mr. Clayton should not have permitted VMF to file suit over a debt no longer owed, but instead, was "Paid in Full." (See Exhibit "C" at page 158, line 19 through page 160, line 4).  Despite knowing or should have reasonably known, Mr. Clayton, as Trustee, with a duty to act with absolute impartiality, should not have allowed foreclosure procedures to occur and should not have allowed his company to file suit.

**B.      The Court has general jurisdiction**

3.07    The Court should overrule Defendant's FRCP 12(b)(2) Motion to Dismiss because Defendant had continuous and systematic contacts with Texas.  In measuring minimum contacts, Court's look to (1) the quantity of contacts with the forum state, (2) the quality of the contacts with the forum state, and (3) the interest of the forum state in providing a forum for its residents to resolve disputes.  When measuring his contacts with Texas, it is clear that the Texas courts have general jurisdiction over Kevin T. Clayton. *Guardian Royal Exch. Assur. Ltd. V. English China Clays, P.L.C.*, 815 S.W.2d 223,228 (Tex. 1991).  To negate general jurisdiction, Defendant must prove that he did not have continuous or systematic contacts with Texas.

3.08    With respect to quantity of contacts with the state of Texas, Kevin Clayton is named Trustee in each and every Deed of Trust and Builder's and Mechanic's Lien Contract filed in the state of Texas for every sale of a manufactured home by Clayton Homes.   (See Exhibit "C" at page 159, line 8 through line 11.)   In fact, Clayton's employees were instructed to name Kevin T. Clayton as Trustee in each and every Deed of Trust filed in the state of Texas.  (See Exhibit "C" at page 159, line 8 through page 163, line 15).  As a result, thousands of Deeds of Trust have been filed in the state of Texas naming Kevin T. Clayton as Trustee, and according to the express language of those Deeds prepared by or at the direction of Kevin Clayton and/or his companies, thousands of acres of Texas land have been granted, sold, and conveyed to him as Trustee.  By the express terms of the documents prepared by and/or at his direction, he has paid thousands of dollars to landowners in the state of Texas to be the Trustee of land situated in Texas.  Consequently, Kevin T, Clayton has substantial contacts with Texas, and the Court's general jurisdiction over him is appropriate.

3.09     With respect to the quality of his contacts, his companies voluntarily named him as Trustee over thousands of acres of Texas land.  By doing so, he himself, by and through his companies, created a legal duty to act that he would not have had but for the decision to be the Trustee over thousands of acres in the state of Texas.   Further, not only did the decision to name him as trustee create a duty, that has been alleged to have been breached, but "that decision" itself creates liability with respect to an unacceptable conflict of interest.  (See Report of Barbara Toffler attached hereto as Exhibit "F").   In other words, the decision itself, for him to act as Trustee where he owes a duty of absolute impartiality and fairness while at the same time he maintains a financial interest in VMF, Clayton Homes, Inc, and CMH Homes, Inc. establishes a quality of contact that constitutes minimum contacts.

3.10     With respect to the interest of the state of Texas in providing this forum as a place for its residents to resolve disputes, one only has to look at the applicable Texas Venue Statute, where the Texas Legislature has determined suits like this one, not only should be filed in the County where the land is situated, but MUST be filed in the County where the land is situated.   Texas Civil Practice and Remedies Code § 15.011 provides that venue is mandatory.  Section 15.011 states:

> "Actions....to remove encumbrances from the title to real property...to quiet title to real property shall be brought in the county in which all or part of the property is located."

Since the Plaintiff's suit relates to the installment contract, purportedly secured by a fraudulent Deed of Trust and Mechanic's Lien Contract, covering land and/or interest in land, venue in Texas is mandated in the county where the property is located. Certainly, the state of Texas and its individual counties where these documents are filed

of record and where the land is situated is and should be the forum to resolve these disputes.

## IV.
## WAIVER

4.01    In the alternative, Intervenor would show the Court that Mr. Clayton previously made at least thirty-nine (39) general appearances in the same or substantially similar litigation as the case now before the Court.  Defendant, Kevin T. Clayton has waived his objection to personal jurisdiction by his own conduct leading up to this challenge on personal jurisdiction grounds.

4.02    Even if a Defendant timely challenges personal jurisdiction, it nonetheless waives the defense by its conduct leading up to the challenge.  *Continental Bank v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993).  In fact, a defendant may waive its challenge to personal jurisdiction by impliedly consenting to the Court's jurisdiction.  *Paine-Webber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 460 (5th Cir. 2001).  Rule 12(h) states:

> "An appearance may also arise by implication from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction or by reason of some act or proceeding recognizing the case as in Court."

*Id*.  Under Texas law, every appearance before judgment that does not comply with the Texas Rules of Civil Procedure 120a is a general appearance.  *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 204 (Tex. 2004).  A party makes a general appearance when it recognizes by his acts that an action is properly pending.  *Id.*

4.03    Intervenor would show the Court that Mr. Clayton was named a Defendant in thirty-nine (39) other lawsuits making the same allegations  (See United States District

Court For The Southern District of Texas Corpus Christi Division Civil Action Nos. 2:04-cv-00560, 2:04-cv-000564, 2:04-cv-00565, 2:04-cv-00566, 2:04-cv-00567, 2:04-cv-00568, 2:04-cv-00569, 2:04-cv-00570, 2:04-cv-00574, 2:04-cv-00575, 2:04-cv-00577, 2:04-cv-00578, 2:04-cv-00579, 2:04-cv-00580, 2:04-cv-00581, 2:04-cv-00582, 2:04-cv-00583, 2:04-cv-00584, 2:04-cv-00586, 2:04-cv-00587, 2:04-cv-00588, 2:04-cv-00589, 2:04-cv-00590, 2:04-cv-00591, 2:04-cv-00592, 2:04-cv-00593, 2:04-cv-00594, 2:04-cv-00595, 2:04-cv-00597, 2:04-cv-00598, 2:04-cv-00599, 2:04-cv-00600, 2:04-cv-00601, 2:04-cv-00602, 2:04-cv-00603, 2:04-cv-00604, 2:04-cv-00605, 2:04-cv-00606, and 2:04-cv-00607).   Those cases involved the same allegations and the same Defendants.

4.04    Although, Mr. Clayton initially filed a Special Appearance, Mr. Clayton gave up on such pleading by not only never having it heard, but never even requesting a ruling by the Court.  Instead, Mr. Clayton not only participated in over a year of litigation, but he voluntarily gave his deposition in these thirty-nine (39) cases, without any restrictions or subject to any Special Appearance or other jurisdiction grounds.  (See Exhibit "C" in its entirety).  In fact, Mr. Clayton not only voluntarily agreed to give his deposition despite his position with these companies, but he agreed and gave his deposition in **Texas**. [emphasis added].  By voluntarily giving his deposition in thirty-nine (39) pending suits in the state of Texas with no objection or restrictions does not comport with T.R.C.P. 102a.

4.05    By his conduct in the same or similar litigation, Mr. Clayton's conduct in the thirty-nine (39) other same or substantially similar cases amount to a general appearance.  *Alliantgroup, L.P. v. Feingold,* Civ. A. No. H-09-0479, 2009 WL 1109093 at *5 (S.D. Tex. April 24, 2009)(objecting to personal jurisdiction is not waived so long as Defendant has not made a general appearance in State Court prior to removal).  Because

Mr. Clayton generally appeared in the same or similar litigation in thirty-nine (39) same or similar suits, he has waived any right he may have had to object to personal jurisdiction in this case.

## V.
## CONCLUSION

5.01    Texas Court's assumption of jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice and will be consistent with constitutional requirements of due process because the Defendant himself is a party to the Deed of Trust made the basis of this suit.  Defendant is also a party to each and every Deed of Trust filed in connection with a Clayton Homes sale in the state of Texas, in the last eight (8) years.  Certainly, Kevin T. Clayton has enjoyed the protections of the laws of Texas and has voluntarily and purposefully availed himself of all laws of the state of Texas.  Alternatively, Kevin T. Clayton waived his FRCP 12(b)(2) Motion to Dismiss in prior litigation covering the same allegations as is present in the instant suit.

WHEREFORE, PREMISES CONSIDERED, Intervenor requests that the Court overrule Defendant Kevin T. Clayton's FRCP 12(b)(2) Motion to Dismiss and for such further relief to which Intervenor may show herself to be justly entitled.

Respectfully submitted,

s/ David L. Rumley_____
David L. Rumley
ATTORNEY-IN-CHARGE
State Bar No. 00791581
Federal I.D. No. 18120
Jeffrey G. Wigington
State Bar No. 00785246
Federal I.D. No. 16462

OF COUNSEL:

WIGINGTON RUMLEY DUNN, LLP
800 N. Shoreline
14th Floor, South Tower
Corpus Christi, Texas  78401
Telephone:    (361) 885-7500
Facsimile:     (361) 885-0487

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record via ECF on this the   3rd  day of December, 2009.

Mr. Baldemar Gutierrez
Mr. J. Javier Gutierrez
THE GUTIERREZ LAW FIRM, INC.
700 East 3rd Street
Alice, TX  78332

Mr. K. Clifford Littlefield
UPTON, MICKITS, HARDWICK
   & HEYMANN, L.L.P.
450 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas  78470

Mr. Stephen G. Tipps
Ms. Jennifer A. Powis
BAKER BOTTS, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002

Mr. Jorge C. Rangel
The Rangel Law Firm, P.C.
615 Upper N. Broadway, Suite 2020
Corpus Christi, Texas  78477

                        s/David L. Rumley
                        David L. Rumley