IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC. <br>     Plaintiff <br><br> VS. <br><br> CEASER FLORES, Correctly known as Cesar Flores, and ALVIN E. KING <br>     Defendants <br><br> AND <br><br> MARIA M. TREVINO <br>     Intervenor <br><br> AND <br><br> ARTURO TREVINO <br>     Intervenor <br><br> VS. <br><br> CLAYTON HOMES, INC.; <br> CMH HOMES, INC.; <br> VANDERBILT MORTGAGE AND FINANCE, INC.; KEVIN T. CLAYTON; JOHN WELLS; AND <br> BENJAMIN JOSEPH FRAZIER | CIVIL ACTION NO. 2:09cv312 |

**ANSWER OF DEFENDANT CLAYTON HOMES, INC. TO MARIA TREVINO AND ARTURO TREVINO'S SECOND AMENDED PETITION IN INTERVENTION**

Subject to Defendants Clayton Homes, Inc. and Kevin T. Clayton's Motion to Dismiss pursuant to Rule 12(b)(6), Defendant Clayton Homes, Inc. ("Defendant") files its answer to Maria Trevino and Arturo Trevino's Second Amended Petition in Intervention ("Petition") as follows:

HOU02:1200810

# I.
# FACTS

1. Defendant denies the allegations contained in paragraph 1 of the Petition.

2. Defendant denies the allegations contained in paragraph 2 of the Petition.

3. Defendant denies the allegations contained in paragraph 3 of the Petition.

4. Defendant denies the allegations contained in paragraph 4 of the Petition.

5. Defendant denies the allegations contained in paragraph 5 of the Petition.

6. Defendant denies the allegations contained in paragraph 6 of the Petition.

7. Defendant denies the allegations contained in paragraph 7 of the Petition.

8. Defendant denies the allegations contained in paragraph 8 of the Petition.

9. Defendant denies the allegations contained in paragraph 9 of the Petition.

10. Defendant denies the allegations contained in paragraph 10 of the Petition.

11. Defendant denies the allegations contained in paragraph 11 of the Petition.

12. Defendant denies the allegations contained in paragraph 12 of the Petition.

13. Defendant denies the allegations contained in paragraph 13 of the Petition.

14. Defendant denies the allegations contained in paragraph 14 of the Petition.

15. Defendant denies the allegations contained in paragraph 15 of the Petition.

16. Defendant denies the allegations contained in paragraph 16 of the Petition.

17. Defendant specifically denies all of the allegations contained in paragraph 17 of the Petition. Moreover, Defendant specifically denies that Tom Hodges, General Counsel of Clayton Homes, Inc. and its related subsidiaries, controlled or directed any organized criminal activity or provided any advice regarding carrying out a criminal enterprise. These allegations are untrue. Mr. Hodges has at all relevant times provided his clients with lawful and legitimate

legal advice in response to and in anticipation of litigation, and neither Mr. Hodges nor any Defendant has ever stated otherwise. This spurious allegation is clearly raised merely to harass and demean Mr. Hodges and Defendants and should be struck and disregarded by the Court.

18. Defendant denies the allegations contained in paragraph 18 of the Petition.

19. Defendant denies the allegations contained in paragraph 19 of the Petition.

20. Defendant denies the allegations contained in paragraph 20 of the Petition.

21. Defendant denies the allegations contained in paragraph 21 of the Petition.

22. Defendant denies the allegations contained in paragraph 22 of the Petition.

23. Defendant denies the allegations contained in paragraph 23 of the Petition.

24. Defendant denies the allegations contained in paragraph 24 of the Petition.

25. Defendant denies the allegations contained in paragraph 25 of the Petition.

## II.
## JURISDICTION AND VENUE

26. Defendant admits that this Court has federal question jurisdiction over this suit.

27. Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391, but denies the remaining allegations in paragraph 27 of the Petition.

## III.
## THE PARTIES

28. On information and belief, Defendant admits that Intervenors are residents of Texas.

29. Defendant admits that it is a Delaware corporation and the successor corporation of Clayton Homes, Inc., a Tennessee corporation. Defendant denies the remaining allegations contained in paragraph 29 of the Petition.

30. On information and belief, Defendant admits the allegations contained in paragraph 30 of the Petition.

31. On information and belief, Defendant admits the allegations contained in paragraph 31 of the Petition.

32. On information and belief, Defendant admits that Defendant Kevin Clayton is an individual non-resident. Defendant denies the remaining allegations contained in paragraph 32 of the Petition.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies the same.

## IV.
## CONDITIONS PRECEDENT

35. Defendant denies the allegations contained in paragraph 35 of the Petition.

## V.
## FRAUDULENT DOCUMENTS RELATED TO LAND

36. Defendant denies the allegations contained in paragraph 36 of the Petition.

## VI.
## DECLARATORY JUDGMENT

37. Defendant admits that Intervenors seek declaratory relief but denies the remaining allegations contained in paragraph 37 of the Petition.

38. Defendant admits that Intervenors seek declaratory relief but denies the remaining allegations contained in paragraph 38 of the Petition.

## VII.
## COMMON LAW UNFAIR DEBT COLLECTION

39. Defendant denies the allegations contained in paragraph 39 of the Petition.

40. Defendant denies the allegations contained in paragraph 40 of the Petition.

41. Defendant denies the allegations contained in paragraph 41 of the Petition.

## VIII.
## TEXAS DEBT COLLECTION PRACTICES ACT

42. Defendant denies the allegations contained in paragraph 42 of the Petition.

43. Defendant denies the allegations contained in paragraph 43 of the Petition.

44. Defendant denies the allegations contained in paragraph 44 of the Petition.

45. Defendant denies the allegations contained in paragraph 45 of the Petition.

46. Defendant denies the allegations contained in paragraph 46 of the Petition.

47. Defendant denies the allegations contained in paragraph 47 of the Petition.

## IX.
## MONEY HAD AND RECEIVED

48. Defendant denies the allegations contained in paragraph 48 of the Petition.

## X.
## FRAUD

49. Defendant restates the above paragraphs as if fully set forth herein in response to paragraph 49 of the Petition.

50. Defendant denies the allegations contained in paragraph 50 of the Petition.

51. Defendant denies the allegations contained in paragraph 51 of the Petition.

52. Defendant denies the allegations contained in paragraph 52 of the Petition.

53. Defendant denies the allegations contained in paragraph 53 of the Petition.

## XI.
## PREDICATE CRIMINAL ACTS

54. Defendant restates the above paragraphs as if fully set forth herein in response to paragraph 54 of the Petition.

55. Defendant denies the allegations contained in paragraph 55 of the Petition.

56. On information and belief, Defendant admits that Defendant Vanderbilt Mortgage and Finance, Inc. made various securities offerings in accordance with the applicable law. Defendant denies the remaining allegations contained in paragraph 56 of the Petition.

## XII.
## CIVIL CONSPIRACY

57. Defendant restates the above paragraphs as if fully set forth herein in response to paragraph 57 of the Petition.

58. Defendant denies the allegations contained in paragraph 58 of the Petition.

59. Defendant denies the allegations contained in paragraph 59 of the Petition.

60. Defendant denies the allegations contained in paragraph 60 of the Petition.

## XIII.
## R.I.C.O.

61. Defendant restates the above paragraphs as if fully set forth herein in response to paragraph 61 of the Petition.

62. Defendant denies the allegations contained in paragraph 62 of the Petition as Intervenor cannot allege a cause of action under the act.

63. Defendant denies the allegations contained in paragraph 63 of the Petition.

64. Defendant denies the allegations contained in paragraph 64 of the Petition.

65. Defendant denies the allegations contained in paragraph 65 of the Petition.

66. Defendant denies the allegations contained in paragraph 66 of the Petition.

67. Defendant denies the allegations contained in paragraph 67 of the Petition.

68. Defendant denies the allegations contained in paragraph 68 of the Petition and its sub-paragraphs.

69. Defendant denies the allegations contained in paragraph 69 of the Petition and its sub-paragraphs.

70. Defendant denies the allegations contained in paragraph 70 of the Petition and its sub-paragraphs.

71. Defendant denies the allegations contained in paragraph 71 of the Petition.

72. Defendant denies the allegations contained in paragraph 72 of the Petition.

73. Defendant denies the allegations contained in paragraph 73 of the Petition.

74. Defendant denies the allegations contained in paragraph 74 of the Petition.

75. Defendant denies the allegations contained in paragraph 75 of the Petition.

76. Defendant specifically denies all of the allegations contained in paragraph 76 of the Petition. Moreover, Defendant specifically denies that Tom Hodges, General Counsel of Clayton Homes, Inc. and its related subsidiaries, controlled or directed any organized criminal activity or provided any advice regarding carrying out a criminal enterprise. These allegations are untrue. Mr. Hodges has at all relevant times provided his clients with lawful and legitimate legal advice in response to and in anticipation of litigation, and neither Mr. Hodges nor any Defendant has ever stated otherwise. This spurious allegation is clearly raised merely to harass and demean Mr. Hodges and Defendants and should be struck and disregarded by the Court.

77. Defendant denies the allegations contained in paragraph 77 of the Petition.

## XIV.
## DAMAGES

78. Defendant admits that Intervenors request various forms of relief contained in the Petition but denies that Intervenor is entitled to any such damages or any other relief requested.

79. Defendant admits that Intervenors seek statutory damages under Section 12.002(b) of the Texas Civil Practice and Remedies Code but denies that Intervenors are entitled

to any such damages or other relief requested.

80. Defendant admits that Intervenors seek compensatory damages but denies that Intervenors are entitled to any such damages or other relief requested.

81. Defendant admits that Intervenors seek to evade the cap on punitive damages under Texas law but denies that Intervenor is entitled to do so or is entitled to any such damages or any other relief requested.

## XV.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

82. Defendant admits that Intervenors seek pre- and post-judgment interest, but denies that Intervenor is entitled to any such damages or any other relief requested in paragraph 82 of the petition.

## XVI.
## JURY DEMAND

83. Defendant admits that Intervenors have requested a jury but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83 of the Petition and therefore denies the same.

## XVII.
## PRAYER

84. Defendant denies that the Intervenors are entitled to any damages or any of the relief sought in the Prayer in the Petition.

## XVIII.
## DEFENSES AND AFFIRMATIVE DEFENSES

85. Defendant asserts that Intervenors do not have standing to assert these claims.

86. Defendant asserts that the Petition fails to state claims upon which relief can be granted.

87. Defendant asserts that Intervenors' claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable statutes of repose.

88. Defendant asserts that Intervenors' claims are barred by the doctrine of release.

89. Defendant asserts that Intervenors' claims are barred by the doctrine of waiver.

90. Defendant asserts that Intervenors' claims are barred, in whole or in part, by the doctrine of mistake.

91. Defendant asserts that Intervenors' claims are barred, in whole or in part, by the doctrine of ambiguity.

92. Defendant asserts that Intervenors' claims are barred by the doctrines of collateral estoppel and/or res judicata.

93. Defendant asserts that Intervenors' claims should be barred under the doctrine of equitable estoppel.

94. Defendant asserts that it has not breached any duty to Intervenors.

95. Defendant asserts that Intervenors' claims are barred by the doctrine of in pari delicto.

96. To the extent Intervenors failed to mitigate their damages, Defendant asserts failure to mitigate as an affirmative defense.

97. Defendant asserts that Intervenors' claims are barred in whole or in part by the doctrine of unjust enrichment.

98. Defendant asserts that Intervenors' claims are barred, in whole or in part, by Chapter 32 of the Texas Civil Practice & Remedies Code.

99. Defendant pleads the applicability of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, to any and all claims made against him that fall within any arbitration provision

contained in any applicable contract or agreement. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

100. Defendant asserts that it had no duty to inform Intervenors of the filing of the Deed of Trust or Mechanic's Lien releases as alleged in the Petition and as such, no cause of action lies.

101. On information and belief, Defendant asserts that counsel for Intervenors was informed in September 2005 of the filing of the Deed of Trust and Mechanic's Lien releases. Defendant further asserts that the Deed of Trust and Mechanic's Lien releases were filed in county property records available to the public.

102. Defendant asserts that Intervenors are barred from any relief or remedy as to all the causes of action alleged in the Petition for failure to exhaust administrative remedies.

103. Defendant asserts that the Texas Department of Housing and Community Affairs ("TDHCA") has exclusive jurisdiction over whether a Mechanic's Lien release or Deed of Trust release also releases a security interest in a manufactured home.

104. Defendant asserts that the TDHCA has primary jurisdiction over whether a Mechanic's Lien release or Deed of Trust release also releases a security interest in a manufactured home.

105. Defendant asserts that it was not aware of, did not approve, and did not authorize notary fraud and/or forgery.

106. Defendant asserts that it cannot be held liable for conspiracy because Intervenors have not separately pled an unlawful act committed by at least one of the members of the alleged conspiracy.

107. Defendant asserts that it did not engage in a criminal or fraudulent enterprise.

108. Defendant asserts that it did not engage in actions that constitute racketeering activity.

109. If Intervenors have sustained any damages, which is expressly denied, they are the proximate result of some superseding or intervening cause.

110. Defendant asserts that Intervenors' claims are reduced or extinguished by setoff and recoupment.

111. Defendant asserts that it acted in good faith and in accordance with industry standards at all material times, thereby precluding any recovery against him.

112. Defendant asserts that Intervenors' prayer for equitable relief, if applicable, is barred because Intervenors allege an adequate remedy at law.

113. Defendant asserts that Intervenors' prayer for equitable relief, if applicable, is barred by the doctrine of unclean hands.

114. Defendant asserts that it has never conspired with any other Defendant or entity for any purpose alleged in the Petition.

115. Defendant asserts that Intervenors are not entitled to an award of attorneys' fees.

116. Defendant asserts that Intervenors' claims are barred because Defendant fully performed any and all contractual, statutory, and other duties that may have been owed to Intervenors under Texas law.

117. Defendant asserts that Intervenors' claims are barred because at all times mentioned in the Petition, Defendant's actions and conduct were undertaken in a permissible way and in good faith, without malice, and with the reasonable belief that such actions and conduct were lawful and valid.

118. Defendant asserts that Intervenors' claims are barred, in whole or in part, because

the injuries sustained by Intervenors, if any, were proximately caused or contributed to by the negligence of Intervenors and/or their agents or representatives.

119. Defendant asserts that Intervenors' claims are barred by the "voluntary payment" rule.

120. Defendant asserts that its practices and conduct relating to the transaction and/or document at issue were not unlawful in that it complied with all statutes and regulations applicable during the relevant period.

121. To the extent Intervenors seek exemplary damages, Defendant asserts that the Petition fails to allege a claim for which exemplary damages can be recovered.

122. To the extent Intervenors seek exemplary damages, Defendant asserts that it cannot be held liable for exemplary damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant.

123. To the extent Intervenors seek exemplary damages, Defendant asserts that Intervenors' claims for exemplary damages are barred in whole or in part by Section 41.008 of the Texas Civil Practices & Remedies Code.

124. To the extent Intervenors seek exemplary damages, Defendant asserts that Intervenors' claims for exemplary damages cannot be sustained because an award of exemplary damages under the applicable law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Texas Constitution.

125. To the extent Intervenors seek exemplary damages, Defendant asserts that Intervenors' claim for exemplary damages cannot be sustained, because an award of exemplary damages by a jury that (1) is not provided a standard sufficient for determining the

appropriateness or the appropriate amount of a exemplary damages award, (2) is not instructed on the limits on exemplary damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding exemplary damages or determining the amount of an award of exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award exemplary damages under a standard for determining liability for exemplary damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by Texas constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

126. To the extent Intervenors seek punitive damages, Defendant asserts that any award of exemplary damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the corresponding Texas constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgments awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

127. To the extent Intervenors seek exemplary damages, Defendant asserts that Intervenors' claim for exemplary damages cannot be sustained because an award of exemplary

damages without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the Texas Constitution.

128. To the extent Intervenors seek exemplary damages, Defendant asserts that any award of exemplary damages in this case would violate Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Texas Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article One of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Texas Constitution.

129. To the extent Intervenors seek exemplary damages, Defendant asserts that the imposition of exemplary damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

130. With respect to Intervenors' demand for exemplary damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of *Gore v. BMW of North America, Inc.*, 116 S. Ct. 1509 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

131. Defendant reserves its right to seek attorney's fees and costs under the Texas Deceptive Trade Practices Act, Texas Debt Collection Act, or any other applicable law or statute

if it shows that Plaintiffs' claims are made in bad faith or for harassment.

132. Defendant asserts that Plaintiffs have failed to provide notice of their DTPA claim as required by Texas Business & Commerce Code §17.505.

## XIX.
## PRAYER

133. Defendant respectfully requests that this Court enter judgment that Intervenors take nothing in this suit; that Intervenors' claims be dismissed with prejudice; that all relief prayed for by Intervenors be denied; that final judgment be entered in favor of Defendant; that Defendant recover from Intervenors its costs and attorneys' fees; and that Defendant have such other and further relief, both legal and equitable, to which it may show itself entitled.

Dated: June 3, 2010                                   Respectfully submitted,

/s/ Jorge C. Rangel
Jorge C. Rangel
Attorney-in-Charge
State Bar No. 16543500
Federal I.D. No. 5698
Jaime S. Rangel
State Bar No. 24033759
Federal I.D. No. 32226
The Rangel Law Firm, P.C.
615 Upper N. Broadway, Suite 2020
Corpus Christi, Texas 78477
Telephone: (361) 883-8500
Facsimile: (361) 883-2611
Email: jorge.c.rangel@rangellaw.com
Email: jaime.rangel@rangellaw.com

ATTORNEYS FOR DEFENDANT CLAYTON HOMES, INC.

OF COUNSEL:

BAKER BOTTS L.L.P.
Stephen G. Tipps
Texas State Bar No. 20070500
Federal I.D. No. 00805
Cristina Espinosa Rodriguez
State Bar No. 00793701
Federal I.D. No. 20575
Timothy C. Shelby
State Bar No. 24037482
Federal I.D. No. 39044
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone: (713) 229-1188
Facsimile: (713) 229-7788
E-mail: stephen.tipps@bakerbotts.com
E-mail: cristina.rodriguez@bakerbotts.com
E-mail: tim.shelby@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 3rd day of June 2010, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ Cristina Espinosa Rodriguez
Cristina Espinosa Rodriguez
