UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-312 |
| | § | |
| CESAR FLORES, *et al*, | § § | |
| Defendants. | § § | |

### ORDER

On this day came to be considered Plaintiff/Counter-Defendant Vanderbilt Finance and Mortgage, Inc. and Intervention-Defendants CMH Homes, Inc. and Clayton Homes, Inc.'s Motion Requesting Pre-Trial Distribution of Written Juror Questionnaire (D.E. 181.)[1] For the reasons stated below, said motion is DENIED.

### I.     Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question, because Intervenors Maria and Arturo Trevino brought claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and Intervention-Defendant CMH Homes, Inc. properly removed this case to this Court pursuant to 28 U.S.C. § 1441.  (D.E. 34.)

### II.    Background

On October 12, 2010, Intervention-Defendants filed a motion requesting that this Court approve the pre-trial distribution of a written juror questionnaire.  (D.E. 181.)  On October 21,

---

[1] The motion was also brought by Intervention-Defendant Kevin T. Clayton.  However, in light of this Court's October 20, 2010 Order granting Clayton's motion for summary judgment on the Intervenors' claims, (D.E. 182), Clayton is no longer a party in this lawsuit.

1 / 4

2010, Intervenors Maria and Arturo Trevino and Defendants/Counter-Plaintiffs Cesar Flores and Alvin King filed a joint response objecting to the motion. (D.E. 184.)

### III. Discussion

#### A. Applicable Law

##### 1. Voir Dire

The Federal Rules of Civil Procedure provide a process for examining prospective jurors. The Rules provide, among other things, that "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper." Fed. R. Civ. P. 47(a). However, "[a] trial court has broad discretion in conducting a voir dire and assessing any prejudice held by a potential juror." United States v. Allred, 867 F.2d 856, 869 (5th Cir. Tex. 1989); see also Mu'Min v. Virginia, 500 U.S. 415, 424 (1991) (a trial court "great latitude in deciding what questions should be asked on voir dire") "The judge decides what questions may be addressed to the jury panel, and 'although the questioning must be fair, it need not include specific points requested by a particular defendant.' " United States v. Ruedlinger, 1997 U.S. Dist. LEXIS 1390, * 3 (D. Kan. 1997) (citing United States v. Maldonado-Rivera, 922 F.2d 934, 970 (2nd Cir. 1990) (quoting United States v. Tutino, 883 F.2d 1125, 1133 (2nd Cir. 1989), cert. denied, 493 U.S. 1081, 107 L. Ed. 2d 1044, 110 S. Ct. 1139 (1992)).[2]

---

[2] These rules apply equally to civil and criminal cases. See Mu'Min, 500 U.S. at 505 ("[A] suitable inquiry is permissible in order to ascertain whether the juror has any bias, opinion, or prejudice that would affect or control the fair determination by him of the issues to be tried. That inquiry is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion. This is the rule in civil cases, and the same rule must be applied in criminal cases.") (quoting Connors v. United States, 158 U.S. 408, 413 (U.S. 1895.))

### 2. Juror Questionnaires

While pre-trial juror questionnaires "have become a favored device of trial lawyers," United States v. Padilla-Valenzuela, 896 F. Supp. 968, 970 (D. Ariz. 1995), it is within the sound discretion of the trial court to refuse to submit a party's questionnaire to prospective jurors. See United States v. Phibbs, 999 F.2d 1053, 1070-71 (6th Cir. 1993). For example, in Padilla-Valenzuela, the court denied defendant's motion to submit a questionnaire to prospective jurors because "many of the matters listed on defendant's proposed questionnaire [were] unduly invasive and violate[d] the right to privacy of prospective jurors [and because] [o]ther matters sought to be explored [were] already covered by the standard voir dire procedure used in drug cases by this court." Id. at 972. So long as the court fulfills its role during voir dire "to ascertain whether actual [juror] bias exists" and conducts "voir dire in a manner that permits the informed exercise of both the peremptory challenge and the challenge for cause," id. at 970 (internal quotations removed), it is in the Court's discretion to decline submission of a juror questionnaire that the Court finds unduly invasive or simply unnecessary. Id. at 973.

### B. Defendants' Juror Questionnaire Is Unnecessary

Intervention-Defendants seek the Court's approval to distribute a pre-trial juror questionnaire and to direct the Clerk of Court to include the questionnaire with all juror summons issued for the trial in this matter. (D.E. 181.) Intervention-Defendants contend the juror questionnaire will provide all parties and the Court with information that will expedite and simplify the questioning of the venire. (D.E. 181, p. 1.) Intervenors object on the grounds that the questionnaire is not necessary and is duplicative of the ordinary voir dire process under Fed. R. Civ. P. 47(a). (D.E. 184, p. 1-2.) The Court agrees.

The questionnaire contains forty questions, including such questions as: "Have you ever lived in a mobile home?"; "Have you ever lost a home to foreclosure[?]"; and "Do you have any strong <u>negative</u> or <u>positive</u> opinions about Clayton Homes and/or Vanderbilt Mortgage?" (D.E. 181, Ex. A.) (emphasis in original). Intervention-Defendants provide no reason why these questions cannot be asked pursuant to the standard voir dire procedure used in civil cases. <u>See</u> Fed. R. Civ. P. 47(a)-(c). This case does not warrant the extra expense and time associated with the submission of a questionnaire when the lawyers and the Court will be able to elicit the same information during the examination process. As such, the Court denies Intervention-Defendants' request to distribute their questionnaire. <u>See</u> <u>Padilla-Valenzuela</u>, 896 F. Supp. at 970; <u>Phibbs</u>, 999 F.2d at 1070-71.

**IV.     Conclusion**

For the reasons stated above, the Court DENIES Intervention-Defendants' Motion Requesting Pre-Trial Distribution of Written Juror Questionnaire. (D.E. 181.)

SIGNED and ORDERED this 25th day of October, 2010.

                                                              Janis Graham Jack
                                                            United States District Judge