UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. C-09-312 |
| CESAR FLORES, *et al*, | § § § | |
| Defendants. | § § | |

## AMENDED FINAL JUDGEMENT

On February 25, 2011, the Court entered a Final Judgment in the above styled action. (D.E. 283.) Pursuant to Federal Rule of Civil Procedure 60(a), the Court may, on motion or on its own, with or without notice, correct a clerical error or mistake arising from oversight or omission whenever one is found in a judgment. See Fed. R. Civ. P. 60(a). It is therefore ORDERED, ADJUDGED, AND DECREED that the aforesaid Final Judgment, effective from February 25, 2011, is amended as follows:

On November 10, 2010, trial of the above-styled action began. On November 18, 2010, the jury found in favor of Defendants/Counter-Plaintiffs Cesar Flores ("Flores") and Alvin King ("King") on each of their three claims against Plaintiff/Counter-Defendant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). The jury also found in favor of Intervenors Maria and Arturo Trevino on their claim under the fraudulent lien statute under Tex. Civ. Prac. & Rem. Code § 12.002.

Now pending before the Court is Defendants/Counter-Plaintiffs Cesar Flores and Alvin King's and Intervenors Maria and Arturo Trevino's Opposed Motion to Enter Judgment. (D.E.

249.)  The Clayton parties responded with objections.  (D.E. 252, D.E. 267.)  The Court heard oral arguments on the motion on February 15, 2011.

I.     **The Jury's Findings**

   A.     **Jury's Findings With Respect To Defendants/Counter-Plaintiffs**

The jury found that Flores and King met their burden to show, by a preponderance of the evidence, that Vanderbilt released the debt owed by Flores and King under the Retail Installment Contract on October 14, 2005.  (D.E. 245, Question #5.)

The jury then found in favor of Flores and King on each of their three claims against Vanderbilt.

First, the jury found that Vanderbilt violated the Texas Debt Collection Practices Act ("TDCA") and that Flores and King each bore 20% responsibility for causing their own injuries.  (D.E. 245, Question #9, Question #10.)  The jury awarded Flores and King each $15,000 in compensatory damages for the TDCA claim.  (D.E. 245, Question #12.)  Compensatory damages for the TDCA violation are reduced to $12,000 each due to the jury's finding of 20% proportionate responsibility.  (D.E. 245, Question #10.)

Second, the jury found Vanderbilt committed common law fraud and that Flores and King bore no personal responsibility for causing their own injuries.  (D.E. 245, Question #10, Question #11.)  The jury awarded Flores and King each $15,000 in compensatory damages for the fraud claim.  (D.E. 245, Question #12.)

Third, the jury found that Vanderbilt violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. § 1962(c).  (D.E. 245, Question #15.)  The jury awarded Flores and King $15,000 each to compensate them for their actual damages arising from Vanderbilt's RICO violation.  (D.E. 245, Question #17.)

The jury further found that Vanderbilt's conduct with respect to the state law fraud claim and the state law TDCA violation resulted from malice or fraud. (D.E. 245, Question #13.) Based on Vanderbilt's conduct constituting common law fraud and/or violation of the TDCA, the jury awarded Flores and King exemplary damages in the amount of $300,000 each. (D.E. 245, Question #14.)

### B.     Jury's Findings With Respect To Intervenors

The jury also found in favor of Maria and Arturo Trevino on their claim under the fraudulent lien statute under Tex. Civ. Prac. & Rem. Code § 12.002.

The jury found that each of the three Intervention-Defendants, Vanderbilt, CMH Homes ("CMH") and Clayton Homes, Inc. ("CHI"), violated the fraudulent lien statute by filing the Deed of Trust ("DOT") with respect to both Maria Trevino and Arturo Trevino. (D.E. 245, Question #18.)

The jury found that each of the three Intervention-Defendants violated the fraudulent lien statute by filing the Builder's and Mechanic's Lien ("BML") with respect to both Maria and Arturo Trevino. (D.E. 245, Question #22.)

The jury found that Maria and Arturo Trevino suffered no actual damages and awarded no damages. (D.E. 245, Question #19, Question #23.)

## II.    Entry of Judgment

Having considered the jury's findings as well as the parties' arguments and the relevant authorities, the Court renders judgment as follows.

### A.     Defendants/Counter-Plaintiffs Flores and King

As said, the jury awarded Flores and King $15,000 each in compensatory damages for each of their state law claims and also awarded them $15,000 each as compensatory damages for

their RICO claims. The facts adduced at trial indicate that Flores and King suffered only one injury as a result of the Clayton parties' conduct: they made approximately $26,000 in payments on their home after their debt had been released. (D.E. 252, Ex. A (Daily Copy Transcript from Cesar Flores on November 15, 2010) at 67.) The jury did not find that Flores and King incurred additional mental anguish damages as a result of the Clayton parties' conduct in violation of the TDCA. (D.E. 245.)

Based on these circumstances, it is apparent that the jury's compensatory damages awards for Flores and King's TDCA and common law fraud claims, as well as their RICO claim, were based upon the same injury. Allowing Flores and King to recover this amount for each of their claims would amount to "double recovery," which is prohibited under Texas law. See Waite Hill Servs. v. World Class Metal Works, 959 S.W.2d 182, 184 (Tex. 1998). Accordingly, Flores and King may each obtain only one award of compensatory damages from Vanderbilt.

In addition, under Texas law, Flores and King's exemplary damages are limited to $200,000, despite the jury's award of $300,000. See Tex. Civ. Prac. & Rem. Code § 41.008(c).

With respect to Flores and King's RICO claim, the Fifth Circuit has indicated that prevailing RICO plaintiffs may not obtain both state law exemplary damages and treble damages under RICO. See Smoky Greenhaw Cotton Co., Inc. v. Merrill Lynch, 785 F.2d 1274, 1281 (5th Cir. 1986) (citing Alcorn County v. U.S. Interstate Supplies, Inc., 731 F.2d 1160, 1169-71 (5th Cir. 1984) (emphasizing that duplicative recoveries under RICO are not to be allowed); see also Heller Financial, Inc. v. Grammco Computer Sales, 71 F.3d 518, 530, n. 1 (5th Cir. 1996) (J. Reavley, concurring.) Accordingly, Flores and King may not recover both exemplary damages based on their state law claims and RICO treble damages.

However, Flores and King have a right to judgment on the theory of recovery entitling them to the greatest or most favorable relief. See Quest Medical, Inc. v. Apprill, 90 F.3d 1080, 1085 (5th Cir. 1996) (citing Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co., 747 S.W.2d 785, 787 (Tex. 1988)).  Accordingly, the Court will allow Flores and King to collect, upon entry of this judgment, damages on the theory of recovery entitling them to greatest relief: namely, recovery based on their state law fraud claims.  However, Flores and King may, at a later date, choose to collect based on either their state law TDCA claims or their RICO claims, depending on the outcome of the Intervention-Defendants' appeal.

Flores and King's individual recoveries are laid out in detail below.

### 1. Declaratory Judgment

It is ORDERED, ADJUDGED, AND DECREED that Defendant/Counter-Plaintiff Cesar Flores and Defendant/Counter-Plaintiff Alvin King shall take free and clear title to the 2001 Skyline Winner Manufactured Home, Serial No. 8D530272P, described in Plaintiff/Counter-Defendant Vanderbilt Mortgage and Finance Inc.'s Original Petition. (D.E. 1, Ex. B.)

### 2. Cesar Flores

It is FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant/Counter-Plaintiff Flores shall recover the following amount against Plaintiff/Counter-Defendant Vanderbilt:

Flores shall recover from Vanderbilt $15,000 in compensatory damages based on his state law fraud claim and $200,000 in exemplary damages.[1]  This totals damages in the amount

---

[1] As said, exemplary damages are limited to $200,000, despite the jury's award of $300,000.  See Tex. Civ. Prac. & Rem. Code § 41.008(c).

of $215,000. Flores shall recover prejudgment interest based on his non-exemplary damages in the amount of $1076.25.[2]

Should the jury's finding of fraud be overturned on appeal, Flores may, *in the alternative*, recover from Vanderbilt $12,000 in compensatory damages based on his state law TDCA claim, $200,000 in exemplary damages, and prejudgment interest based on his non-exemplary damages in the amount of $861.00.

Should Flores' total damages based on his state law claims be reduced on appeal to below $45,000, Flores may, *in the alternative to state law damages*, recover based on his RICO claim. Under RICO, a plaintiff may recover three times the damages he or she sustained as a result of a defendant's RICO violation, and the cost of suit, including a reasonable attorney's fees. 28 U.S.C. § 1962(c). Thus, Flores would recover $45,000 in treble damages under RICO from Vanderbilt.[3]

Postjudgment interest is payable on all of the above amounts at the rate of .29%, from the date this judgment is entered until the date the judgment is paid.

### 3. Alvin King

It is FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant/Counter-Plaintiff King shall recover the following amount against Plaintiff/Counter-Defendant Vanderbilt:

King shall recover from Vanderbilt $15,000 in compensatory damages based on his state law fraud claim and $200,000 in exemplary damages. This totals damages in the amount of

---

[2] Prejudgment interest is calculated at the annual rate of 5%, accruing from the date of filing the lawsuit (September 18, 2009) to the date of judgment (February 25, 2011).
[3] Flores would not recover prejudgment interest for his damages under RICO. See Louisiana Power and Light Co. v. United Gas Pipe Line Co., 642 F.Supp. 781, 811 (E.D. La. 1986) (citing Canova v. Travelers Ins. Co., 406 F.2d 410, 411-12 (5th Cir. 1969), cert. denied, 396 U.S. 832, 90 S.Ct. 88, 24 L.Ed.2d 84 (1969)).

$215,000. King shall recover prejudgment interest based on his non-exemplary damages in the amount of $1076.25.

Should the jury's finding of fraud be overturned on appeal, King may, *in the alternative*, recover from Vanderbilt $12,000 in compensatory damages based on his state law TDCA claim, $200,000 in exemplary damages, and prejudgment interest based on his non-exemplary damages in the amount of $861.00.

Should King's total damages based on his state law claims be reduced on appeal to below $45,000, King may, *in the alternative to state law damages*, recover based on his RICO claim. Under RICO, a plaintiff may recover three times the damages he or she sustained as a result of a defendant's RICO violation, and the cost of suit, including a reasonable attorney's fees. 28 U.S.C. § 1962(c). Thus, King would recover $45,000 in treble damages under RICO from Vanderbilt.[4]

Postjudgment interest is payable on all of the above amounts at the rate of .29%, from the date this judgment is entered until the date the judgment is paid.

### B.     **Intervenors Maria and Arturo Trevino**

Pursuant to Texas Civil Practice & Remedies Code 12.002(b), "[a] **person who violates** [§ 12.002(a)] is liable to **each injured person** for

(1) the greater of:

(A) **$10,000**; or

(B) the actual damages caused by the violation;

(2) court costs;

(3) reasonable attorney's fees; and

(4) exemplary damages in an amount determined by the court.

---

[4] King would not recover prejudgment interest for his damages under RICO. See note 3.

§ 12.002(b) (emphasis added).

The Intervention-Defendants contend the Trevinos may not recover statutory damages under Section 12.002(b) because the jury found the Trevinos suffered no actual damages. They contend the Trevinos are therefore not "injured persons" under the statute. (D.E. 271 at 4-8). However, contrary to Intervention-Defendants' arguments, there is no reason to believe the term "injured person" indicates actual damages are required in order to recover statutory damages. Indeed, the language of Section 12.002(b) indicates that statutory damages are an *alternative* to recovery of actual damages. See § 12.002(b) (making each person who violates Section 12.002(a) liable "for the greater of… $10,000… **or**… the actual damages caused by the violation[.]")

The Intervention-Defendants cite various authorities suggesting that the term "injured person" necessarily means a person who has sustained actual damages. See, e.g., Matter of Swift, 129 F.3d 792, 796, n. 19 (5th Cir. 1997) ("Damages, then, are a prerequisite to a cause of action. Without damages, there is no injury to remedy…'The purpose of actual damages in civil actions is to compensate the injured plaintiff, rather than to punish the defendant. Consequently, a prevailing plaintiff is entitled to actual damages that will most nearly put him in the position that he would have been, but for the defendant's negligence.' ") (quoting Deloitte & Touche v. Weller, 1997 WL 572530 (Tex.Ct.App.1997)).

But none of the authorities cited by Intervention-Defendants holds that actual damages are required to recover *statutory damages* under the Texas fraudulent lien statute, or generally. To the contrary, statutory damages may be imposed as part of a statutory scheme to encourage plaintiffs to act as "private attorneys general" to police compliance, even where no actual damages exist. See Perrone v. General Motors Acceptance Corp., 232 F.3d 433, 436 (5th Cir.

2000) (noting that statutory civil penalties are imposed for a Truth in Lending Act violation even though no actual damages exist) (citing, e.g., Edwards v. Your Credit, Inc., 148 F.3d 427, 441 (5th Cir.1998) ("the statutory civil penalties must be imposed for ... a [TILA] violation regardless of the district court's belief that no actual damages resulted or that the violation is de minimus") (quoting Zamarippa v. Cy's Car Sales, Inc., 674 F.2d 877, 879 (11th Cir. 1982)); see also Apple Inc. v. Psystar Corp. , 673 F.Supp.2d 926, 928-929 (N.D. Cal. 2009) (explaining that statutory damages may be awarded under the Copyright Act even in the absence of evidence of losses caused by the infringement) (citing, e.g., L.A. News Serv. v. Reuters TV Int'l, 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant")); Siddiqui v. U.S., 217 F.Supp.2d 985, 987 (D.Ariz. 2002) (explaining that "[i]n the absence of actual damages, [26 U.S.C. § 7431] provides statutory damages for unauthorized disclosure of tax return information in the amount of '$1000 for each act of unauthorized disclosure of a return or return information with respect to which [a] defendant is found liable[,]" and awarding statutory damages based on defendant's wrongful disclosure); Tremble v. Town & Country Credit Corp. 2006 WL 163140 *5 (N.D.Ill. Jan. 18, 2006) (holding that a plaintiff who suffered no actual harm could recover statutory damages under the Fair Credit Reporting Act, stating: "[t]o put it another way, [plaintiff] is not required to prove recoverable actual damages in order to show a violation of § 1681b or to obtain statutory damages under § 1681n(a)(1)(A).") (citing Murray v. New Cingular Wireless Svcs., ---F.R.D. ----, No. 04 C 7666, 2005 WL 31151813 (N.D.Ill. Nov. 17, 2005) (concluding that under §1681n(a) "[s]tatutory damages are an alternative remedy to actual damages," and that "[c]onsequently, a plaintiff does not have to prove actual injury or harm in order to get statutory damages."))

Moreover, Texas courts have awarded statutory damages under the fraudulent lien statute even in the absence of any indication that the plaintiff was actually harmed by the defendant's filing a fraudulent lien in violation of Section 12.002(a).  In Taylor Elec. Servs. V. Armstrong Elec. Supply Co., the appellate court upheld the jury's award of $10,000 to a plaintiff who was not even the owner of the property on which the defendant had placed a fraudulent lien.  167 S.W.3d 522, 529 (Tex. App. – Ft. Worth 2005).  The court reasoned that the plaintiff was a "debtor" or "obligor," entitled to sue under the statute, because he was obligated contractually to remove, pay to remove, and indemnify the property owner against any liens or claims filed against the property, and that there was thus a *"potential harm"* to plaintiff from the filing of the lien on the property.  Id. at 530-531; see also Vanderbilt Mortg. and Finance, Inc. v. Flores, --- F.Supp.2d ----, 2010 WL 4226437, * 4-7 (S.D.Tex., Oct. 20, 2010) (where this Court rejected Intervention-Defendants' parallel argument that the Trevinos do not have standing to sue under the fraudulent lien statute.)

Accordingly, the Intervention-Defendants have failed to persuade the Court that the Trevinos are not "injured persons" entitled to recover under the fraudulent lien statute.

The Intervention Defendants additionally argue that, even if the Trevinos are "injured persons" entitled to collect statutory damages, they may only *collectively* recover $20,000 – that is, $10,000 for each lien that was filed, divided between them equally – because, according to Intervention-Defendants, the fraudulent lien statute (1) does not permit each joint owner of property to recover for a single injury to that property, and (2) does not permit recovery of damages from each defendant who violates Section 12.002(a). (D.E. 252 at 10-12.)

To support their first proposition, the Intervention-Defendants cite Chien v. Laws, an unpublished Texas opinion where the court awarded two plaintiffs, a husband and wife, only one

award of $10,000 as damages for defendants' filing a fraudulent lien against their home in violation of Section 12.002(a). (D.E. 252, Ex. B, Ex. C.)  The Chien court did not discuss its decision or indicate that it had considered the statutory language providing that "each injured person" may recover for a violation of Section 12.002(a).  See § 12.002(b).

The Intervention-Defendants also point out that, in other circumstances, joint owners of property have been limited to one recovery of damages for injury to their property.  See Bradley v. Armstrong, 130 F.3d 168, 179 (5th Cir. 1997) (holding that a co-tenant could not bring a subsequent lawsuit already brought by another co-tenant because "any recovery that one cotenant by the entirety obtains redounds to the benefit of the other."); see also Hicks v. Southwestern Settlement & Development Corp., 188 S.W. 2d 915, 921 (Tex. Civ. App. 1945) (holding that tenants in common are only entitled to their proportionate share of damages in an action for trespass to property, proportionate to the share they owned in the land.)  However, again, this principle does not speak to the fact that the statutory language in this case explicitly provides that "**each injured person**" may recover for a violation.  § 12.002(b).

To support their second proposition that the fraudulent lien statute does not permit recovery of damages from each "person" who violates Section 12.002(a), the Intervention-Defendants cite Hassel v. Wilhite, where the trial court found two defendants had filed five fraudulent liens against real property in violation of Section 12.002(a), but awarded damages of only $50,000 ($10,000 for each lien filed), rather than $50,000 from *each* of the two defendants who violated the statute. Wilhite v Hassel, No. CV-02-38860, 2002 WL 33964281 (91st Dist. Ct., Eastland County, Tex. Feb. 20, 2002).  Again, there is no indication the court considered the plain words of the statute, which provides that "**a person who violates**" Section 12.002 is liable to each injured person for the violation.  See § 12.002(b).

In sum, none of these authorities persuades the Court that a deviation from the statutory language is warranted in this case. In the absence of controlling authority to the contrary, the Court will give effect to the plain language of the statute. See Ford Motor Credit Co., LLC v. Dale (In re Dale), 582 F.3d 568, 573 (5th Cir. Tex. 2009) ("Statutory construction, of course, begins with the plain language of the statute.")

As explained, the fraudulent lien statute states that "a person who violates" Section 12.002(a) is liable "to each injured person" "for the greater of $10,000 or the actual damages caused by the violation." § 12.002(b). Accordingly, Maria and Arturo Trevino shall each receive $10,000 from each Intervention-Defendant for each violation of the fraudulent lien statute. The jury found that each Intervention-Defendant filed two fraudulent liens: the DOT and the BML. This means each Intervention-Defendant is liable for $20,000 to each of the Trevinos.

Intervention-Defendants are correct that actual damages are a prerequisite to receipt of exemplary damages under Texas law. See Brown v. Petrolite Corp., 965 F.2d 38, 48-49 (5th Cir. 1992). The Trevinos shall not receive exemplary damages.

The Trevinos' individual recoveries are laid out in detail below.

### 1. Maria Trevino

It is ORDERED, ADJUDGED, AND DECREED that Intervenor Maria Trevino shall recover the following amounts against Intervention-Defendants Vanderbilt, CMH and CHI based on filing two fraudulent documents in violation of the fraudulent lien statute:

Maria Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant Vanderbilt.[5]

---

[5] Prejudgment interest is calculated at the annual rate of 5%, accruing from the date of filing the lawsuit (October 26, 2009) to the date of judgment (February 25, 2011).

Maria Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant CMH.

Maria Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant CHI.

Maria Trevino shall not recover exemplary damages.

Postjudgment interest is payable on all of the above amounts at the rate of .29%, from the date this judgment is entered until the date the judgment is paid.

### 2. Arturo Trevino

It is FURTHER ORDERED, ADJUDGED, AND DECREED that Intervenor Arturo Trevino shall recover the following amounts against Intervention-Defendants Vanderbilt, CMH and CHI based on filing two fraudulent documents in violation of the fraudulent lien statute:

Arturo Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant Vanderbilt.

Arturo Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant CMH.

Arturo Trevino shall recover as damages the sum of $20,000 and $1282.32 in prejudgment interest from Intervention-Defendant CHI.

Arturo Trevino shall not recover exemplary damages.

Postjudgment interest is payable on all of the above amounts at the rate of .29%, from the date this judgment is entered until the date the judgment is paid.

Each of the prevailing parties is entitled to attorney's fees and costs. They are to apply for fees and costs within fourteen (14) days of this judgment.

This is a FINAL JUDGMENT.

SIGNED and ORDERED this 28th day of February, 2011.

_____
Janis Graham Jack
United States District Judge